STRONG et al. v. INDUSTRIAL COMMISSION OF UTAH
et al.

No. 4434.   Decided June 16, 1926.   (247 P. 574)

1.  MASTER AND SERVANT. Evidence *held* to show that deceased was day laborer when injured.

2.  MASTER AND SERVANT. Supreme Court cannot interfere with finding of Industrial Commission sustained by evidence.

3. MASTER AND SERVANT—EVIDENCE HELD TO SHOW THAT WORK-
MAN'S DEATH WAS CAUSED BY FALL RECEIVED LESS THAN 36 HOURS
BEFORE. Evidence *held* to show that death of plasterer, who died
within 36 hours after fall in which he "wrenched" his back, was
caused by such fall, where post mortem showed ruptured pancreas.

Proceeding by Ernest A. Strong and others against the
Industrial Commission of Utah and others to review the
findings and award of the Commission, for death of em-
ployee.

AWARD AFFIRMED.

*Young, Boyle & Moyle,* of Salt Lake City, and *J. M. Chris-
tensen,* of Logan, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., *J. Robert Robinson,* Asst.
Atty. Gen., and *M. R. Straw,* of Provo, for defendants.

FRICK, J.

The plaintiffs in this proceeding applied for and obtained
the usual writ to review the findings and award of the In-
dustrial Commission, hereinafter called commission. Two
questions are presented for review: (1) Was the deceased,
Cornelius A. Van Leuven, in the employ of the plaintiffs
Ernest A. Strong and Joseph W. Grant as a day laborer at
the time of his injury, or was he employed by them as an
independent contractor? (2) Was the injury received by
him the cause of his death?

Upon the first question the commission, in substance,
found:

"That on the 18th day of November, 1925 [the day of the injury],
Cornelius Anson Van Leuven was employed by Ernest A. Strong and
Joseph W. Grant as a plasterer."

Corpus Juris-Cyc. References:
[1]   Workmen's Compensation Acts C. J. p. 115 n. 37.
[2]   Workmen's Compensation Acts C. J. p. 122 n. 40.
[3]   Workmen's Compensation Acts C. J. p. 115 n. 37.

The commission further found that the said employers came within the provisions of the Industrial Act of this state and that said deceased, at the time of his injury, was earning wages sufficient to entitle those dependent upon him to the maximum weekly allowance, namely, $16.00 per week." The commission also found that while the deceased was working as a plasterer as aforesaid "he fell and slipped through a scaffold injuring his pancreas" and that "as a result of said injury to his pancreas he died at 4 o'clock a. m. November 19, 1925, his death resulting from said injury sustained while regularly employed as a plasterer by Strong & Grant." The commission then found other essential facts, none of which is contradicted, and as a conclusion made an award in favor of the widow and minor children "of $16.00 per week for a period of 311 weeks and 6 days" and ordered that the plaintiffs named in the title of this action be required to pay the same, together with funeral expenses.

It is insisted by counsel for plaintiffs that there is no substantial evidence in support of the finding that the deceased at the time of his death was in the employ of Strong & Grant as a day laborer. Upon the contrary, they contend that he was employed by them as an independent contractor.

We shall not attempt to set forth the evidence pro and con upon this question. Mr. Strong, one of the plaintiffs, was called as a witness at the hearing before the commission. With regard to the capacity in which the deceased was employed at the time of the injury, Mr. Strong testified:

"Our agreement with Mr. Van Leuven was a verbal agreement. We had no written contract. Mr. Van Leuven had been doing our plaster work for several years past and we had employed him both by the day and yard work or piece work. At the particular time when the accident happened, he was employed on day work," at "$8 a day."

There is considerable other testimony to the same effect. There is also testimony to the effect that the deceased, at the time of the injury, was engaged as an independent con-

tractor. There is ample evidence, however, to sustain the finding of the commission that the deceased at the time of the injury was employed by the day and was subject to the direction and control of Strong & Grant, his employers. Counsel have devoted much time and space to the question of what constitutes an independent contractor. We are not disposed to disagree with counsel in their conclusions respecting what constitutes an independent contractor, but, in view of the whole evidence, we most emphatically disagree with them that in this case there is no substantial evidence in support of the finding of the commission that at the time of the injury the deceased was employed as a plasterer by the day and at a daily wage of $8 per day. That finding being sustained, we are powerless to interfere.

This brings us to the second question, namely, Is there any substantial evidence in support of the finding of the commission that death was caused as a result of the injury? Briefly stated, the evidence upon that question is to the effect that the deceased, just before and at the time of the injury, was working on a scaffold; that he asked an attendant to hand him a plank which was from 14 to 16 feet in length, 2 inches thick and 12 inches wide; that after receiving the plank he made a step or two forward and stepped between two other planks which were some distance apart and with the one plank in his hands or arms fell between the other planks constituting the scaffold, and in falling sustained minor injuries to his legs and somewhat severely injured or "wrenched" his back; that he continued on with his work that day until quitting time, when he went home; that in going home his back pained him so much that he could not ride his bicycle; that he complained considerably at intervals during the night concerning the pains in his back, but went to work the next day, during all of which time, however, he intermittently suffered pains; that he returned home that night and retired early and between 3 and 4 o'clock in the morning died before a physician could reach

him; that in making a post mortem examination the doctors found all of his organs normal, but found what they called a "ruptured" pancreas. The doctor making the post mortem examination fully testified to the conditions as he found them and gave it as his opinion that the condition in which he found the pancreas was caused by the fall from the scaffold as aforesaid and that death resulted from the injury thus received. There was, however, considerable medical testimony which tended to contradict the statements of the physician making the post mortem examination. The most that can be said in that regard, however, is that there is a conflict in the medical testimony respecting the effect the fall might have had upon the pancreas and with respect to the cause of death. The commission was confronted with these facts, however: That a man in the prime of life and in excellent health sustains a fall from a scaffold, in which fall he sustains an injury to his back in the region of the pancreas; upon a post mortem examination it is found that the pancreas is ruptured or injured; that all of the other organs, namely, the brain, heart, lungs, liver, kidneys, stomach, and intestines, are in a normal condition of health; that death results within 36 hours after the fall and injury to the back and no other cause to which death can be attributed is discovered. Taking all of those facts into consideration in connection with the testimony of the physician who made the post mortem examination, the commission was clearly justified in finding that death resulted from the fall and injury received by the deceased as hereinbefore stated. Indeed, it is not easy for us to conceive why such a conclusion is not the natural and probable one to be deduced from all the facts and circumstances.

The award of the commission therefore should be and it accordingly is affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.